**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4368**

_____

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

      v.

MAURICE TIRRELL WILLIAMS, a/k/a Cup, a/k/a Reese, a/k/a
Reese Cup,

                 Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Mark S. Davis, District
Judge.  (2:09-cr-00088-MSD-DEM-1)

_____

Argued:  March 23, 2011              Decided:  May 12, 2011

_____

Before TRAXLER, Chief Judge, and KING and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** Michael Stefan Nachmanoff, Federal Public Defender,
Alexandria, Virginia, for Appellant.  Richard Daniel Cooke,
OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for
Appellee.  **ON BRIEF:** Frances H. Pratt, Assistant Federal Public
Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria,
Virginia, Keith Loren Kimball, Assistant Federal Public
Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk,
Virginia, for Appellant.  Neil H. MacBride, United States
Attorney, Alexandria, Virginia, Darryl J. Mitchell, Assistant
United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY,
Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Williams was convicted of multiple counts of drug and firearms offenses, including possession with intent to distribute ("PWID") more than five grams of crack, see 21 U.S.C. § 841(a), and possession of a firearm in furtherance of a drug trafficking offense, see 18 U.S.C. § 924(c)(1). The district court sentenced Williams to 180 months, the minimum sentence allowed under the statutes then in effect. Williams appeals, challenging only his sentence. We affirm.

Williams first argues that his sentence should be governed by the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (the "FSA"). Among other things, the FSA increases the quantity of crack cocaine necessary to trigger the mandatory minimum sentences set forth in § 841; if the FSA were applicable to this case, Williams would not have been subject to a mandatory minimum sentence on the PWID charge. This court has recently concluded, like every other circuit to have considered the issue, that the FSA does not apply retroactively. See United States v. Bullard, No. 09-5214 (filed May 6, 2011). Because Williams was convicted and sentenced before the FSA took effect, he was properly sentenced under the version of § 841 then in effect.

Williams also contends that the district court erred by imposing a five-year consecutive sentence for his § 924(c)

3

conviction. Section 924(c) provides for a mandatory minimum consecutive sentence "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law." 18 U.S.C. § 924(c)(1)(A). Williams, who had a prior felony drug conviction, argues that because he was already subject to a 10-year mandatory minimum sentence under § 841(b)(1)(B)(iii), the mandatory minimum sentence of § 924(c) should not apply. We have previously rejected this argument, see United States v. Studifin, 240 F.3d 415, 423 (4th Cir. 2001), and the Supreme Court recently confirmed that Studifin's construction of the statute was correct, see Abbott v. United States, 131 S. Ct. 18, 30-31 (2010).

Accordingly, for the foregoing reasons, we hereby affirm Williams's sentence.

AFFIRMED